IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL MCNEIL ROBINSON, JR, | ) | |
|     Plaintiff, | ) | Civil Case No. 7:19-cv-00586 |
| v. | ) | |
| | ) | |
| SCOTT COUNTY SHERIFF'S | ) | By: Elizabeth K. Dillon |
| DEPT., *et al.*, | ) |     United States District Judge |
|     Defendants. | ) | |

**MEMORANDUM OPINION**

Plaintiff Paul McNeil Robinson, Jr., a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. He names two defendants: "Scott County Sheriff's Dept" and "Commonwealth of Virginia, Commonwealth Attorney of Scott County."[1] His complaint is brief, but he claims that he was arrested by the Scott County Sheriff's Department in February 2018 on "a supposed capias charge," but he had no current charges "in that county." He alleges that he was detained until September 2018 "on bogus charges until Russell County indicted after the grand jury met." He claims that he was therefore held unlawfully. He also alleges that defendants and his own attorney "kept postponing it until Russell County met." He seeks lost wages and damages for mental and physical suffering he endured by "being incarcerated without cause." He offers no other detail or factual allegations in support of his claims.

Upon review of Robinson's complaint, the court concludes that it fails to state a claim and so is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting

---

[1] The case was docketed as naming three defendants, splitting up the second defendant into "Commonwealth of Virginia" and "Commonwealth Attorney of Scott County." Based on the structure of the complaint, it does not appear to the court that Robinson intended to separately name the Commonwealth of Virginia. The court's analysis in this opinion is applicable regardless of whether there are two or three defendants.

under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations." *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted). Thus, a § 1983 claim requires factual detail about each defendant's personal involvement. *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vennedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)). Robinson does not name any individual defendant, nor does he allege that any individual defendant personally took any action against him.

Furthermore, although Robinson appears to seek damages for false arrest or malicious prosecution, he has not stated adequate facts to allow the court to conclude that he has validly stated either type of claim. Robinson alleges that there was a "supposed capias" and that he was held on "bogus charges." Based on these references, it is unclear whether Robinson is claiming that: (1) there was no warrant for his arrest; or (2) there was a warrant, but the warrant was unsupported by probable cause because it was based on a materially false application. It also appears that he is admitting there were charges against him, although he states that they were "bogus." He does not indicate the result of any such charges.

If Robinson is claiming that there was no arrest warrant at all, then the court would liberally construe his complaint as asserting a false arrest claim under § 1983. Such a claim would require Robinson to show that he was arrested without probable cause. *See Street v. Surdyka*, 492 F.2d 368, 372–73 (4th Cir. 1974) ("There is no cause of action under section 1983 unless the arresting officer lacked probable cause."). Robinson presents insufficient facts to show that any warrantless arrest was without probable cause. He does not identify any particular

2

person who was responsible for his arrest and or subsequent incarceration, does not indicate the alleged offenses for which he was arrested, does not the facts and circumstances of his arrest, and does not set forth any facts concerning those offenses.

If Robinson is claiming that there was a warrant but it was invalid, then the court would liberally construe his complaint as asserting a malicious prosecution claim. As the Fourth Circuit has explained,

> "[a]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued"—*e.g.*, post-indictment or arraignment—are considered a § 1983 malicious prosecution claim. *Brooks v. City of Winston-Salem*, 85 F.3d 178, 182 (4th Cir. 1996). Such a claim "is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort." *Evans v. Chalmers*, 703 F.3d 636, 647 (4th Cir. 2012) (quoting *Lambert v. Williams*, 223 F.3d 257, 261 (4th Cir. 2000)). To succeed, a plaintiff must show that "the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor." *Id.*

*Humbert v. Mayor & City Council of Baltimore City*, 866 F.3d 546, 555 (4th Cir. 2017), *as amended* (Aug. 22, 2017).

Regardless of whether Robinson intended to bring a false arrest claim or what *Humbert* deems a malicious prosecution claim, it appears that Robinson was in fact convicted of the charges on which he was indicted in August 2018. Although Robinson's complaint itself does not indicate the result of the indictment against him in Russell County, court records from Russell County reflect that he was indicted in August 2018, pled guilty, and was sentenced in August 2019 on a number of different offenses, all of which list the offense date as June 1,

3

2016.[2]  The same records, though, list an arrest date of August 13, 2018.   Thus, the basis for his imprisonment from February at least through August is unclear.

As to Scott County records, they show that Robinson was charged with violating his probation, which had been imposed as part of his sentence on several prior offenses, and that his probation was revoked in September 2019.  The revocation records do not contain an arrest date.

Based on the records, it is not clear whether the Russell County offenses were the same for which he was originally arrested in Scott County.  Similarly, his complaint implies, although it is not entirely clear, that the indictment resulted from the same circumstances that led to his arrest.

If he currently is serving a sentence pursuant to a conviction for the same offenses for which he was arrested and held, then his claims in this case call into question his current convictions or sentences.  Put differently, granting money damages on his false arrest or malicious prosecution claims would "necessarily imply the invalidity of his conviction or sentence." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).  As the Supreme Court has explained, "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments. *Id.* at 486.  Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction.  *Id.* at 482.

*Heck* instructs that if granting relief on a malicious prosecution action would necessarily call into question the validity of a criminal judgment, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

---

[2]  *See* Fed. R. Evid. 201(b)(2) (permitting a federal court to take judicial notice of certain facts); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239–40 (4th Cir. 1989) (stating a federal court may in the interests of justice take judicial notice of state court proceedings that involve the issues pending in the federal court).

Robinson's complaint does not indicate that any of his convictions have been determined to be invalid in any forum. Indeed, his current incarceration (as well as Russell County court records) indicates that those convictions currently stand. Likewise, the sentences imposed by Scott County upon revoking his probation have not been appealed. Accordingly, and again assuming the convictions stemmed from any arrest resulting in the period of confinement that he is now serving or has yet to serve, *Heck* bars him from bringing his claims at this time.

Because the allegations set forth in his complaint are insufficient to state a valid cause of action or to determine whether his claims are barred by *Heck*, and in consideration of his status as a *pro se* litigant, the court will give Robinson an opportunity to amend his complaint, if he wishes to do so, in order to correct the deficiencies noted in this opinion. If he elects to amend, he shall do so within thirty (30) days after entry of the accompanying order. Alternatively, he may move to voluntarily dismiss his case.

An appropriate order will be entered.

Entered: January 27, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge